(29 Misc. Rep. 423.)

### RANDALL v. RANDALL.

(Supreme Court, Special Term, New York County. November 15, 1899.)

1. PROCESS—SERVICE OF SUMMONS.

    The server of a summons identified defendant from a photograph, and the person served admitted his name to be the same as defendant's, and the server was told by a third person who was present at the service that the person served was defendant. *Held,* that the identification was insufficient.

2. DIVORCE—ALLOWANCE OF ALIMONY.

In an action for divorce the only evidence of defendant's circumstances was the opinion of the officer who served the summons that he must earn $25 or $30 per week. He was not sure, however, that defendant held a position, but merely said that he was apparently employed as bookkeeper or cashier for a company named. *Held* no evidence on which to base the amount of alimony to be allowed.

Action by Bettie K. Randall against Leon G. Randall. Proof of defendant's default held insufficient, and plaintiff given opportunity to present additional evidence.

D. M. Porter, for plaintiff.

GILDERSLEEVE, J. The action is for an absolute divorce, instituted by the wife against the husband. Alimony is asked for. The defendant has not appeared in the action, but has suffered his default to be taken. The only evidence of proper service of the summons is that the server identified the person served from a photograph of the defendant, and that the person served admitted his name to be Leon G. Randall, and also that the server was told by a man named Aberg, who appears to have been present at the time of service, that the person served was the defendant herein. Aberg himself has not been called as a witness. I am not altogether satisfied with this identification of the defendant. Then, again, there is no proof offered of the defendant's circumstances upon which to base the amount of alimony. The server, who does not appear in any way qualified to give an opinion, thinks the defendant must earn $25 or $30 a week "as bookkeeper or cashier for the N. Y. Powder Company." But he is not even sure that defendant holds any such position, and merely says that defendant was "apparently" employed in some such capacity. Further evidence should be presented to satisfy the court of the proper service of the summons on the defendant, and, if alimony is to be insisted upon, further testimony should be produced, throwing light on the financial status of the defendant. The plaintiff may have an opportunity to present additional proof before me, in part 3, at 10:30 a. m. on November 17th inst.