Bernard S. Meyer, J.
Defendant husband appearing specially asks that service of the summons and complaint and of the motion for temporary alimony and counsel fees be set aside. A hearing having been held, the court finds service to have been properly made, holds that it has jurisdiction of the person of defendant and directs that defendant serve his answer within 30 days after service of a copy of the order entered hereon with notice of entry and serve and file his answering affidavit to the motion for alimony and counsel fees within 15 days after service of such copy of the order. Plaintiff shall have three days after receipt of the answering affidavit to serve and file her reply thereto.
The court does not credit the defendant’s testimony which sought to make it appear that there had been no exchange *442 between defendant and the process server, and that the process server was not aware of defendant’s presence. Defendant’s testimony that while he was outside the pier he saw his wife standing with a strange man (the process server) and approached no closer than 75 feet to them, and that he then took a circuitous route to get on the pier, is contradicted by his own affidavit of August 11,1960 in which he swore that11 the unknown man with my wife yelled after me ‘ Hey, mister, wait a minute. ’ ’ ’ The court finds that defendant was served at the time and place and in the manner testified to by the process server and corroborated by plaintiff.
Defendant argues, however, that the service was insufficient because the process server had never previously seen or known defendant and identified him by a photograph given him by plaintiff and by plaintiff (present with him at the time of service) pointing defendant out to him. To sustain his argument defendant cites Bortas v. Bortas (182 Misc. 759) and Randall v. Randall (29 Misc. 423). Neither case establishes any absolute rule that identification by plaintiff wife is insufficient in all matrimonial actions nor absolutely prohibits identification through use of a photograph, nor does any such absolute rule stem from any statute or from the Rules of Civil Practice. Section 346 of the Civil Practice Act makes the testimony of one spouse against the other competent “ Except as otherwise specially prescribed ”. Section 349 of the Civil Practice Act provides that in an action or proceeding ‘ ‘ founded upon an allegation of adultery” a spouse is not competent to testify ‘1 except to prove the marriage or disprove the allegation of adultery.” Since, obviously, proof of marriage necessitates identification of the person married, one spouse is not incompetent to identify the other even in a divorce action.
That testimony of plaintiff identifying his or her spouse is competent does not impart to all such testimony credibility. The Bortas case if intended to mean anything more than that in the particular circumstances of that case — viz., an undefended action in which the proof of service offered was solely by affidavit without the support of oral testimony of the witnesses — plaintiff’s identification is insufficient, is unsupported by statute or case authority. The Randall case, which also was uncontested, is no stronger authority. There the court stated that it was not satisfied with the testimony in proof of service or of defendant’s financial circumstances, but permitted the plaintiff to adduce further proof. The Randall case is clearly distinguishable from the instant case on the facts, for in Randall identification was made by the process server from a photograph *443 given to him by a third party, but the third party did not testify. There was, therefore, no foundation laid for use of the photograph ; the process server’s testimony concerning the third party’s identification of the photograph to him furnishes but one part of the chain of evidence constituting the necessary identification. In the instant case the chain has been completed by testimony of the plaintiff in addition to the testimony of the process server.
To distill from rule 53 of the Rules of Civil Practice as defendant attempts to do, a rule that the process server must in matrimonial cases have personal knowledge of the identity of the person served is to completely distort that rule. Subdivision 9 of rule 53 provides: “In matrimonial actions, the affidavit, in addition to the above requirements, shall state what knowledge the affiant had of the identity of the person served with the defendant named and how he acquired such knowledge. The court may require the affiant to appear in court and be examined in respect thereto ”. Obviously, if the rule intended was personal knowledge the phrase “ that the affiant had personal knowledge ’ ’ would have been used in place of the words 6 ‘ what knowledge the affiant had ”. The provision as written furthers the State’s interest in the matrimonial status by furnishing protection against fraud; it should not be perverted into a shelter for elusive spouses, male or female, intent upon finding a technicality upon which to avoid facing a court determination with respect to the obligations of marriage. The testimony of the process server and the wife satisfies the court that defendant (who was present in court and was identified by the process server from the stand) was the person served; the entire testimony satisfies the court that he was properly served.
With respect to the motion for alimony and counsel fee defendant points out that the affidavit of service only states that the notice of motion was served and makes no reference to the accompanying affidavits, and that on the stand the process server admitted that he had not read through the papers served and, therefore, did not know whether an affidavit was included. Failure to serve the affidavit, if failure there was, was at most an irregularity (Rein v. Oakside Estates, 3 A D 2d 846) not a jurisdictional defect. Since all proceedings are stayed pursuant to subdivision 5 of section 237-a of the Civil Practice Act for 10 days after service of the order entered hereon, defendant will be given 15 days within which to serve and file his answering affidavit. He, therefore, will not be prejudiced by the irregularity. Short-form order signed.